617 A.2d 1318

**Alva COVINGTON**

v.

**Mattie Jean COVINGTON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 15, 1992.

Filed Dec. 9, 1992.

Francis E. Corbett, Pittsburgh, for appellant.

Louis R. Salamon, Pittsburgh, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

Mattie Jean Covington (hereinafter wife) appeals from the Order entered January 2, 1992 dismissing her exceptions to the recommendations of the hearing officer and affirming the Order entered September 24, 1990 finding wife in contempt for failing to pay alimony pendente lite (APL) to Alva Covington (hereinafter husband) as ordered.

■ The parties were aware that prior to their marriage, each had been married to another person. Wife was divorced on May 18, 1971. On May 24, 1971, an uncontested divorce hearing which husband did not attend was conducted with regard to husband's previous marriage. Believing in good faith they were divorced from their prior spouses, the parties on that same day applied for a marriage license and on May 29, 1971, were married. It was not until June 11, 1971, however, that a decree was entered divorcing husband from his previous wife. With the exception of a short separation in

1978, the parties lived together as husband and wife until September 15, 1989, when wife filed a divorce action against husband, who counterclaimed for support and APL. On April 11, 1990, the trial court entered an Order directing wife to pay husband APL in the amount of $125 per month and arrearages of $407.50. On June 6, 1990, husband served wife with a notice of intent to enter judgment for failing to pay APL and on July 28, 1990, the trial court issued a petition for civil contempt against wife for failing to comply with the support Order. The petitions were consolidated and reviewed during a hearing, wherein wife argued the marriage between the parties was void since it was entered into thirteen days prior to the date of husband's actual divorce. In finding the removal of an unknown impediment made the parties' marriage valid, the court relied upon 23 Pa.C.S. § 1702(a), which states as follows:

§ **1702. Marriage during existence of former marriage**

(a) **General rule.**—If a married person, during the lifetime of the other person with whom the marriage is in force, enters into a subsequent marriage pursuant to the requirements of this part and the parties to the marriage live together thereafter as husband and wife, and the subsequent marriage was entered into by one or both of the parties in good faith in the full belief that the former spouse was dead or that the former marriage has been annulled or terminated by a divorce, or without knowledge of the former marriage, they shall, after the impediment to their marriage has been removed by the death of the other party to the former marriage or by annulment or divorce, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and immediately after the date of death or the date of the decree of annulment or divorce.

Wife argues the court erred in finding the marriage was valid. She contends 23 Pa.C.S. § 3304[1] controls and confir-

1. 23 Pa.C.S. § 3304 states in relevant part:
   § **3304. Grounds for annulment of void marriages**
   (a) **General rule.**—Where there has been no confirmation by cohabitation following the removal of an impediment, the supposed or

mation of the marriage under section 3304 requires an understanding the impediment had been in place but was now removed. Since the parties took no affirmative steps to confirm the marriage after the removal of the impediment, wife concludes the marriage was void. We disagree with wife's argument and reasoning and, therefore, affirm the trial court's Order.

■ In support of her position, wife cites *In Re Estate of Garges*, 474 Pa. 237, 378 A.2d 307 (1977), where the parties cohabitated and subsequently confirmed their marriage when the man gave the woman a ring and showed her final divorce papers from his previous marriage. The court held there was a presumption the parties continued to live together unmarried even after the impediment had been removed which could only have been rebutted and in this case was rebutted by clear and convincing evidence of a change of status. From this holding, wife argues the parties needed to take affirmative steps to confirm their marriage after learning the impediment had been removed. Section 3304(a) **General rule**, simply assures that the putative spouse statute, section 1702, is read into the annulment section of the Divorce Code and is not nullified by it. The single controlling factor pursuant to sections 1702 and 3304(a) that needs to be clear from the record, once a good faith ceremonial marriage is established, is continued cohabitation in good faith after the removal of the impediment of the prior marriage.

■ Wife's reliance upon *Garges* is misplaced because the parties' marriage in that case was not entered into pursuant to the Divorce Code, licensing and a marriage ceremony registered in the Marriage License Bureau, but instead was a common law marriage. Therefore, the curative statute, sec-

alleged marriage of a person shall be deemed void in the following cases:

(1) Where either party at the time of such marriage had an existing spouse and the former marriage had not been annulled nor had there been a divorce except where that party had obtained a decree of presumed death of the former spouse.

tion 1702, was not applicable to a marriage which was not entered into pursuant to the statutory requirements of the Commonwealth. Here we are presented with a ceremonial marriage performed when both parties believed they were divorced from previous spouses. The requirement of cohabitation was fully met in this case and there was no need to reconfirm the marriage, as in *Garges,* as a common law marriage has no validity in the face of an existing marriage and cannot be salvaged as can a ceremonial marriage by section 1702. *Commonwealth ex rel. Wenz v. Wenz,* 195 Pa.Super. 593, 171 A.2d 529 (1961).

We find, since section 1702(a) is directly applicable, the parties were legally married on June 11, 1971, the date husband's divorce became effective. The trial court concisely yet cogently set forth the rationale for such a finding.

As the record indicates in this case, the parties in good faith believed that they were entering into a valid marital relationship. Wife admitted that they conducted themselves as husband and wife. To permit Wife to now deny the existence of this marriage after eighteen years solely because the divorce decree for [husband and his prior wife] was entered on June 11, 1971, and not May 24, 1971, and the fact that Wife was not aware of this would be contrary to the purposes of the statute and public policy.[2]

(Slip Op., Baldwin, J., 5/13/92, pp. 5–6.)

■ Next, wife argues section 3304 of the Divorce Code requires an understanding by the parties, not present here, that the impediment had been in place prior to confirming the marriage by cohabitation following its removal. We disagree with wife and find knowledge of an impediment and its removal is not required under section 3304 to make an otherwise void marriage valid. Where, as here, the parties entered

---

2. The trial court is averring that the wife is estopped from denying the validity of her marriage after participating in the illegal ceremony but continuing to retain the benefits that the status of marriage confers until it no longer suits her convenience. Because we have an available statutory remedy to the issue in this case, it is unnecessary to look to the equitable doctrine of estoppel to properly resolve this issue. It is a viable doctrine in the event the legislature had not supplied a remedy.

into the marriage in good faith and cohabitated for over eighteen years following the entry of the divorce between husband and his previous wife, the requirement under section 3304 of confirmation by cohabitation following the removal of an impediment was adequately fulfilled.

Order affirmed.